IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| United States of America | § | |
| --- | --- | --- |
| | § | |
| v. | § | 1:19-CR-307-LY |
| | § | |
| Gregory Pierresaint, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Motion to Revoke Detention Order ("Motion to Revoke"). Dkt. No. 17. On March 24, 2020, U.S. District Judge Lee Yeakel referred the Motion to Revoke to the undersigned for resolution pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1)(B), and Rule 44 of the Federal Rules of Criminal Procedure. Dkt. No. 22.

### I. BACKGROUND

On December 3, 2019, Defendant Gregory Pierresaint was indicted on charges of fraud and money laundering conspiracy, aggravated identity theft, and possession of stolen mail, pursuant to 18 U.S.C. §§ 1349, 1956(h), 1028A, and 1708, respectively, in the Western District of Texas, Austin Division. Dkt. No. 3. On February 13, 2020, Mr. Pierresaint was arrested at his home in Miami, Florida, pursuant to a bench warrant issued by this Court. After his arrest, the U.S. District Court for the Southern District of Florida held a detention hearing and, on February 19, 2020, ordered Mr. Pierresaint detained pending trial. Dkt. No. 9. The Court found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required. *Id.* Mr. Pierresaint was then ordered transported to this District.

1

In his Motion to Revoke, Mr. Pierresaint argues that "there is no valid reason to detain him under 18 U.S.C. § 3142." Dkt. No. 17 at 1. Defendant contends in part that he has no history of violence; that "there is no evidence of flight risk beyond stealing mail, stealing identities, making fraudulent transactions, and laundering the proceeds"; and that "this would [be] a release case under any circumstances, but much more obviously so under present circumstances." *Id.* at 1-2.

The government argues in response that the detention decision is correct, and that Mr. Pierresaint has asserted no new information that was unknown to the detaining court and material to his risk of flight. Dkt. No. 20 at 1. The government also asserts that Mr. Pierresaint's remedy was to timely appeal the detention order to the District Court pursuant to 18 U.S.C. § 3145(b) and Rule 59 of the Federal Rules of Criminal Procedure. *Id.* at 4.

## II. ANALYSIS

18 U.S.C. § 3142(f)(2)(B) provides that a

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Motion to Revoke raises no information "that was not known to the movant at the time of the hearing and that has a material bearing" on whether Defendant should be detained. Rather, Mr. Pierresaint simply argues that the detention decision is incorrect. Although he invokes the COVID-19 pandemic emergency, Mr. Pierresaint makes no argument that he has a medical condition weighing against detention. In sum, Mr. Pierresaint has not established that his revocation hearing should be reopened.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Revoke Detention Order (Dkt. No. 17) is **DENIED**.

**SIGNED** on March 24, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE