IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| v. | § | 1:19-CR-307-LY |
| Gregory Pierresaint, | § § § | |
| Defendant. | § § | |

## **O R D E R**

Before the Court is Defendant's Motion to Reconsider Motion to Revoke Detention Order ("Motion to Reconsider"). Dkt. No. 25. The Government opposes the motion.[1] Dkt. Nos. 7, 27. On April 3, 2020, U.S. District Judge Lee Yeakel conducted a hearing on the Motion to Reconsider and referred it to the undersigned for resolution pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1)(B), and Rule 44 of the Federal Rules of Criminal Procedure. Dkt. Nos. 28-30. Oral argument was heard by the undersigned on April 9, 2020.

### I. Background

On December 3, 2019, Defendant Gregory Pierresaint was indicted on charges of fraud and money laundering conspiracy, aggravated identity theft, and possession of stolen mail, pursuant to 18 U.S.C. §§ 1349, 1956(h), 1028A, and 1708, respectively, in the Western District of Texas, Austin Division. Dkt. No. 3. On February 13, 2020, Mr. Pierresaint was arrested at his home in Miami, Florida, pursuant to a bench warrant issued by this Court. After his arrest, U.S. Magistrate Judge Chris M. McAliley of the U.S. District Court for the Southern District of Florida held a detention hearing and, on February 19, 2020, ordered Mr. Pierresaint detained pending trial. Dkt.

---

[1] The attorney for the Government clarified at oral argument that the basis for opposition is that there is a serious risk that Defendant will flee.

No. 9. The Court found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required. *Id.* Mr. Pierresaint then was ordered transported to this District. On March 20, 2020, Mr. Pierresaint filed an opposed Motion to Revoke Detention Order ("Motion to Revoke"), which was denied by the undersigned on March 24, 2020. Dkt. Nos. 17, 20-22. The Motion to Reconsider followed.

## II. Analysis

Mr. Pierresaint submits that the Motion to Reconsider should be considered under 18 U.S.C. § 3145(b), which states:

> **(b) Review of a Detention Order.—**
> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The Court agrees. This Court has original jurisdiction over the offenses alleged in the indictment of the defendant, and he was ordered detained by a Magistrate Judge of the U.S. District Court for the Southern District of Florida.

The Government argues that Defendant failed to timely appeal his detention under FED. R. CRIM. P. 59(b) because his Motion to Revoke was submitted more than 14 days after Defendant was ordered detained on February 19, 2020. Mr. Pierresaint, however, apparently spent more than three weeks in transport and was appointed counsel in this District on March 18, 2020, on or about the same day he arrived and only two days before his counsel filed the Motion to Revoke. Even if the motion was untimely, on these facts, the Court exercises its discretion to review the detention order. *See United States v. Cooper*, 3:16-cr-60-M(2), 2018 WL 1916983, at *2 (N.D. Tex. April 2, 2018) ("Any review by the district court following such a waiver is discretionary and not a matter of right.").

2

The Court therefore proceeds to consider *de novo* whether Mr. Pierresaint should be detained pending trial, taking into account the pretrial services report, the evidence presented at the detention hearing, Judge McAliley's findings, and the arguments of counsel to this Court.[2] *See U.S. v.Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981) (construing earlier version of statute and finding that defendant ordered detained in arresting district could seek to revoke or amend detention order in different district where charges were pending against him).

A. **Factors Considered**

Under the Bail Reform Act of 1984, a judicial officer shall order the pretrial release of a person accused of a crime on personal recognizance or on an unsecured appearance bond unless release "'will not reasonably assure the appearance of the person as required . . . .'" *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) (quoting 18 U.S.C. § 3142(b)). The conditions set must "*reasonably assure* appearance, and [need] not guarantee appearance." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (cleaned up). As provided in 18 U.S.C. § 3142(g), the Court considers the following factors:

> **(g) FACTORS TO BE CONSIDERED.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;

---

[2] Neither Mr. Pierresaint nor the Government moved this Court to hold a second detention hearing and the Court finds that an evidentiary hearing is unnecessary to rule on Defendant's motion. *Cf. U.S. v. Kyle*, 49 F. Supp. 2d 526, 527 (W.D. Tex. 1999) ("[W]hile the Court adheres to a plenary standard of review, such a standard does not mandate a completely new evidentiary hearing."); *U.S. v. Pike*, No. 5:15-CR-820-DAE-2, 2017 WL 11442141, at *2 (W.D. Tex. July 11, 2017); *U.S. v. Tappin*, No. EP-07-CR-249-DB(1), 2012 WL 13157822, at *5 (W.D. Tex. April 23, 2012).

>    **(3)** the history and characteristics of the person, including—
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

1. **Nature and Circumstances of the Offenses Charged**

As stated above, Mr. Pierresaint has been indicted on charges of fraud and money laundering conspiracy, aggravated identity theft, and possession of stolen mail, pursuant to 18 U.S.C. §§ 1349, 1956(h), 1028A, and 1708. These are serious offenses, punishable by, *inter alia*, up to twenty years imprisonment for the fraud and money laundering conspiracy charges and, for each aggravated identity theft offense, a mandatory penalty of two years imprisonment consecutive to any other punishment and a $250,000 fine. None, however, is a crime of violence or another of the types of crimes identified in § 3142(g)(1). This factor weighs in favor of release pending trial.

2. **Weight of the Evidence**

The weight of the evidence against Mr. Pierresaint appears to be strong. This factor weighs in favor of detention.

3. **Defendant's History and Characteristics**

Aspects of Mr. Pierresaint's history and characteristics weigh both for and against release. Favoring release, Mr. Pierresaint proposes to return to live with his mother and stepfather in a home his mother has owned for many years in Miami, Florida. He is a lifelong resident of Miami, except for four years when he resided in Austin, and he has significant family and community ties

4

in Miami. Mr. Pierresaint has no known history of drug or alcohol abuse, and there is no evidence that he has failed to appear for any court proceedings, despite numerous probation violations. As for his physical and mental condition, Mr. Pierresaint has diabetes and requires daily insulin shots. The Centers for Disease Control and Prevention includes people with diabetes among the groups at higher risk for severe illness from COVID-19.[3] All of this evidence weighs in favor of release. There is no evidence that Mr. Pierresaint was on probation, parole, or other release at the time of the current alleged offense or arrest, which also favors release.

Other aspects of Mr. Pierresaint's history and characteristics, however, favor detention. He has an extensive criminal history dating to age 15. The evidence of Mr. Pierresaint's employment history is extremely limited. Both the current charges and Mr. Pierresaint's past conduct, moreover, strongly support a conclusion that he has a character for dishonesty, demonstrated by convictions for habitually driving with a suspended license, making criminal use of personal identifying information, and failure to identify/giving false or fictitious information.

The Court relies on the entire record, giving particular weight to Mr. Pierresaint's medical condition and the lack of evidence that he has ever failed to appear in court as required. Taken as a whole, the Court finds that Mr. Pierresaint's history and characteristics slightly favor release pending trial.

4. **Danger Posed by Defendant's Release**

As an alleged serial fraudster, release of Mr. Pierresaint would pose a danger to the community in the nature of financial loss. This danger is serious, but not of the magnitude of the danger posed by, for example, a defendant with a history of violent behavior. This factor is neutral.

---

[3] Under the exigent circumstances created by the ongoing COVID-19 pandemic national emergency, the Court takes judicial notice of information on the CDC website at the following link, last accessed April 9, 2020: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

### B. Finding

Having carefully considered all available information concerning the § 3142(g) factors, the Court finds by a preponderance of the evidence that there are conditions of release that will reasonably assure the appearance of Mr. Pierresaint as required.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Reconsider Motion to Revoke Detention Order (Dkt. No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Gregory Pierresaint is released pending trial on the conditions set by the Court in the Order Setting Conditions of Release.

**SIGNED** on April 9, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE